PETER GILROY, Petitioner to be admitted to Citizenship.

Androscoggin.    Opinion June 24, 1895.

*Naturalization.  Lewiston Municipal Court.  Jurisdiction.  Const. of U. S.
Art. I, § VIII; R. S., of U. S. § 2165; Stat. 1893, c. 310.*

There is no provision of the Federal Constitution which requires the courts or judges of a State to perform any duties respecting the admission of aliens to citizenship.

Such courts and magistrates may, if they choose, exercise the power conferred upon them by Congress, unless prohibited by state legislation.  But this is a naked power, and imposes no legal obligations on the courts to assume and exercise them.

Chapter 310, Laws of 1893, which prohibits any court established by this State, other than the Supreme Judicial and Superior Courts, from entertaining any jurisdiction over the naturalization of aliens is not in violation of any provision of the constitution of the United States.

ON EXCEPTIONS.

The case appears in the opinion.

*D. J. McGillicuddy and F. A. Morey,* for petitioner.

Counsel argued that the State cannot by legislation take from the Lewiston Municipal Court its power of naturalizing foreigners, and that the court is one of common-law jurisdiction. *Dean, Pet'r,* 83 Maine, 489.

It is one of the courts to which Congress said an alien might make application for admission to citizenship.  If the State creates a court, as it has done in this case, which fully answers all the requirements of the United States statutes, then an alien has the right to apply to such a court for naturalization.

" State courts in admitting aliens to citizenship under naturalization laws act as United States courts."  *Matter of Christern,* 43 N. Y. Superior Court, 523.

It has been decided that Congress could confer this power of naturalization upon State courts.

In Am. and Eng. Ency. Vol. 6, p. 267,— Note reads as follows :—

" While in principle it might be considered doubtful whether Congress would confer any judicial power on the State Courts,

yet the power to naturalize has been expressly upheld in *State*
v. *Penney*, 10 Arkansas, 621, and it is probable that this view
would be taken by all the courts to avert the results which would .
follow a contrary decision." Congress has the sole power of
enacting naturalization laws and no State can pass any law to
confer citizenship of the United States. *Chirac* v. *Chirac*, 2
Wheat. 269.

How then can the Legislature of this State pass any law affect-
ing the naturalization of aliens when Congress has reserved to
itself the power of making all naturalization laws?

The United States passes this uniform rule and imposes upon
the courts of the various States, that are possessed of common-
law jurisdiction, etc., the duty of naturalizing persons. When
admitted to citizenship it is true the alien becomes a citizen of
the United States, but he exercises all of the powers of citizen-
ship in the immediate portion of the State in which he happens
to reside and the benefit of his becoming a citizen inures more
to the State than to the United States. The State, really, has
all of the benefit of his becoming a citizen.

The law of the United States acts directly upon the judge of
the Lewiston Municipal Court, together with all judges of this
State.

The United States claim certain rights directly of the judiciary
of the several States notwithstanding they are State officers.
The United States had the right to require the Judge of the
Lewiston Municipal Court to enforce, to a certain degree, its
laws, notwithstanding he is appointed by the Governor of this
State and paid out of the treasury of the State.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-
HOUSE, WISWELL, JJ.

WISWELL, J. An alien applied to the Lewiston Municipal
Court, at its July Term, 1894, to be admitted to become a
citizen of the United States. The Judge of the Court declined
to entertain the application and dismissed it on the ground that
by virtue of Chap. 310 of the Laws of 1893, that court no longer

had any jurisdiction of naturalization cases. The applicant excepted to this ruling.

By the Constitution of the United States, Article I, Sec. VIII, it is provided that Congress shall have power, "To establish an uniform rule of naturalization."

Congress has enacted that an alien making application for citizenship shall make a declaration on oath, "before a Circuit or District Court of the United States, or a District or Supreme Court of the Territories, or a Court of Record of any of the States having common-law jurisdiction and a seal and clerk." And that he may be admitted to become a citizen by "some one of the courts above specified." R. S., of the United States, § 2165.

Assuming that the Lewiston Municipal Court is a court of record having common-law jurisdiction and a seal and a clerk, within the meaning of the statute referred to, the question is presented whether the act of the Legislature, approved March 29th, 1893, is in violation of or contrary to any provision of the federal constitution. That act provides that the Supreme Judicial and Superior Courts shall respectively have jurisdiction of applications for naturalization, but that no other court established by the State shall entertain any primary or final declaration or application made by, or in behalf of, an alien to become a citizen of the United States, or entertain jurisdiction of the naturalization of aliens. Chap. 310, Laws of 1893.

There is no provision of the federal constitution which requires the courts or judges of a State to perform any duties respecting the admission of aliens to citizenship. It is well established that such courts and magistrates may, if they choose, exercise the power conferred upon them by Congress, unless prohibited by state legislation. *Prigg* v. *Pennsylvania*, 16 Peters, 622. But this is a naked power, and imposes no legal obligations on the courts to assume and exercise them; and such exercise is not within their official duty, or their oath to support the constitution of the United States. *Stephens, Petitioner*, 4 Gray, 559.

The Massachusetts Legislature, in 1855, enacted a statute prohibiting any court of the State from receiving or entertaining any primary or final declaration or application of an alien to

become a citizen of the United States, or to entertain jurisdiction for the naturalization of aliens. It was held in the case of *Stephens, Petitioner*, supra, that this statute was not contrary to the Constitution of the United States.

The ruling of the Judge of the Municipal Court was correct.

*Exceptions overruled.*